# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### SHAUN GIVENS v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5843     Joe H. Walker III, Judge**

---

**No. W2004-00768-CCA-R3-HC  - Filed July 23, 2003**

---

The Petitioner, Shaun Givens, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  After review, we conclude that the Petitioner fails to assert a ground entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Shaun Givens, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On September 23, 1999, Petitioner entered a guilty plea to aggravated rape and received a sentence of fifteen years in the Department of Correction.   On March 15, 2004, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief.  In this document, Petitioner alleged, in essence, that his guilty plea was involuntarily and unknowingly entered in that the trial court failed to comply with Rules 11(d) and (f) of the Tennessee Rules of Criminal Procedure and with the mandates of *Boykin v. Alabama*.

By order entered March 18, 2004, the trial court denied relief, finding that (1) the petition is neither void on its face nor has the sentence expired and, thus, cannot be considered a petition for

writ of habeas corpus relief, and (2) if treated as a petition for post-conviction relief, the court was without jurisdiction to consider the same. A timely notice of appeal was filed on March 24, 2004.

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993). In other words, habeas corpus relief will only be granted where the petition shows that the judgment is "void" and not merely "voidable." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001) (citing *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)). The petitioner bears the burden of establishing that the judgment is "void." *McLaney*, 59 S.W.3d at 92 (citing *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 281 S.W.2d 290, 291-92 (1964)). That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. *Id.* (citing *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000)). In other words, "[t]he writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Id.* (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer*, 851 S.W.2d at 164). Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney*, 59 S.W.3d at 93 (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree; a claim that a guilty plea is involuntary as the result of the trial court's failure to comply with *Boykin* and the Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void. *Accord Archer*, 851 S.W.2d at 163. Additionally, the grounds alleged by Petitioner fail to assert that his sentence has expired. Accordingly, upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding.

Section 40-30-105 (2003), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." The trial court treated the present petition as both an application for habeas corpus relief and as a petition for post-conviction relief. Treating the application as one for post-conviction relief, the application is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a) (petition must be filed within one year of the date of the final action of highest court to which appeal taken or one year of date on which judgment became final if no appeal taken). Additionally, no ground exists as an exception to the statute of limitations. *See* Tenn. Code Ann. § 40-30-102(b). Accordingly, we conclude that the trial court did not err in dismissing the petition as one seeking post-conviction relief.

2

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

DAVID G. HAYES, JUDGE