# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### DARRELL WATKINS, PRO SE v. STATE OF TENNESSEE

**Appeal from the  Criminal Court for Shelby County**
**No. P-27095    Joseph B. Dailey, Judge**

---

**No. W2003-00995-CCA-R3-HC  - Filed January 26, 2004**

---

The Petitioner, Darrell Watkins, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a ground entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Darrell Watkins, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On January 11, 2000, Petitioner entered a guilty plea to second-degree murder and received a fifteen-year sentence to be served at 100 percent in the Department of Correction.  No direct appeal was taken from this sentence.  On February 11, 2003, Petitioner filed, *pro se*, a document captioned "Petition for Writ of Error Coram Nobis and/or Writ of Habeas Corpus."  In this document, Petitioner alleged: (1) vindictive and selective prosecution by the District Attorney's Office in that the District Attorney permitted Petitioner to plea to a larger prison term than his co-defendant; (2) prosecutorial misconduct by failing to disclose plea agreement of co-defendant; (3) the Petitioner's guilty plea was not knowingly or voluntarily entered; (4) trial counsel was ineffective; and (5) the trial court failed to properly advise Petitioner regarding rights waived by entering a guilty plea.

1

By order entered March 25, 2003, the trial court denied relief, finding that the petition (1) fails to qualify as a writ of error coram nobis because it does not allege newly discovered evidence, (2) the petition is not void on its face and, thus, cannot be considered a petition for writ of habeas corpus relief, and (3) although cognizable as a petition for post-conviction relief, Petitioner has failed to allege any ground that would toll the one-year statute of limitation. A timely notice of appeal was filed on April 21, 2003.

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993). In other words, habeas corpus relief will only be granted where the petition shows that the judgment is "void" and not merely "voidable." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001) (citing *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)). The petitioner bears the burden of establishing that the judgment is "void." *McLaney*, 59 S.W.3d at 92 (citing *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 281 S.W.2d 290, 291-92 (1964)). That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. *Id.* (citing *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000)). In other words, "[t]he writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Id.* (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer*, 851 S.W.2d at 164). Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney*, 59 S.W.3d at 93 (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgments were void. We agree; claims of prosecutorial misconduct, vindictive prosecution, involuntary guilty plea, ineffective assistance of counsel, and *Boykin* claims are allegations that would render a conviction voidable, not void. Additionally, the grounds alleged by Petitioner fail to assert that his sentences have expired. Accordingly, upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding.

Section 40-30-105 (2003), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." The trial court treated the present petition as both an application for habeas corpus relief and as a petition for post-conviction relief. The trial court found that the application was barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a) (petition must be filed within one year of the date of the final action of highest court to which appeal taken or one year of date on which judgment became final if no appeal taken). We agree.

2

Notwithstanding, the Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-102(b). No ground exists as an exception to the statute of limitations. Accordingly, we conclude that the trial court did not err in dismissing the petition as one seeking post-conviction relief.

Finally, a petition for writ of error coram nobis must be dismissed as untimely unless it is filed within one year of the date on which the judgment of conviction became final in the trial court, *see* Tenn. Code Ann. § 27-7-103; *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999), although, in some circumstances, due process may require that the statute of limitations be tolled. *See Workman v. State*, 41 S.W.3d 100 (Tenn. 2001). In the present petition, Petitioner asserts and this Court finds no due process concerns that would entitle Petitioner to relief under *Workman*. Accordingly, the petition must be dismissed as untimely.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOE G. RILEY, JUDGE

3