# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ERIC D. JONES v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5829     Joe H. Walker III, Judge**

---

**No. W2004-00855-CCA-R3-HC  - July 23, 2004**

---

The Petitioner, Eric D. Jones, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a ground entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Eric D. Jones, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On September 2, 1999, Petitioner entered a guilty plea to second degree murder and received a sentence of fifteen years in the Department of Correction.   On February 10, 2004, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief.  In this document, Petitioner alleged (1) that he is being detained pursuant to an unspecified judgment, (2) that he did not receive the effective assistance of counsel, and (3) that as a consequence of his youth, borderline mental retardation and ignorance of his rights that his guilty plea was involuntarily entered.

By order entered February 10, 2004, the trial court denied relief, finding that the petition (1) the petition is neither void on its face nor has the sentence expired and, thus, cannot be considered

1

a petition for writ of habeas corpus relief, and (2) if treated as a petition for post-conviction relief, the court was without jurisdiction to consider the same. A timely notice of appeal was filed on March 3, 2004.

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993). In other words, habeas corpus relief will only be granted where the petition shows that the judgment is "void" and not merely "voidable." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001) (citing *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)). The petitioner bears the burden of establishing that the judgment is "void." *McLaney*, 59 S.W.3d at 92 (citing *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 281 S.W.2d 290, 291-92 (1964)). That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. *Id.* (citing *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000)). In other words, "[t]he writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Id.* (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer*, 851 S.W.2d at 164). Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney*, 59 S.W.3d at 93 (citing Tenn. Code Ann. § 29-21-109 (2000); *see, e.g.*, *Archer*, 851 S.W.2d at 164 (parenthetical omitted)).

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgments were void. We agree; claims of an involuntary guilty plea and ineffective assistance of counsel are allegations that would render a conviction voidable, not void. Additionally, the grounds alleged by Petitioner fail to assert that his sentences have expired. Accordingly, upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding.

Section 40-30-105 (2003), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." The trial court treated the present petition as both an application for habeas corpus relief and as a petition for post-conviction relief. Treating the application as one for post-conviction relief, the application is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a) (petition must be filed within one year of the date of the final action of highest court to which appeal taken or one year of date on which judgment became final if no appeal taken). Additionally, no ground exists as an exception to the statute of limitations. *See* Tenn. Code Ann. § 40-30-102(b). Accordingly, we conclude that the trial court did not err in dismissing the petition as one seeking post-conviction relief.

2

Accordingly, it is ORDERED that the State's motion is GRANTED.  The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
JOE G. RILEY, JUDGE