IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## JOSEPH D. GAINES v. KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 13160     Robert Holloway, Judge**

---

**No. M2004-00725-CCA-R3-HC - Filed November 4, 2004**

---

The Appellant, Joseph D. Gaines, appeals the Wayne County Circuit Court's summary dismissal of his petition for writ of habeas corpus. On appeal, Gaines argues that: (1) his two convictions for rape of a child are void because the indictment returned against him was not signed by the district attorney general and the plea agreement was not signed by the trial judge; and (2) his concurrent eighteen-year sentences are illegal because they are outside the statutory sentencing range. Finding these issues to be without merit, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Joseph D. Gaines, *Pro Se*, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson III, District Attorney General; for the Appellee, State of Tennessee.

### OPINION

### Procedural History

On July 14, 2002, a Davidson County grand jury indicted the Appellant on four counts of rape of a child, class A felonies. Included in the multiple count indictment were twelve additional counts of rape of a child involving three other co-defendants. Under the terms of the plea agreement, the Appellant pled guilty to two counts of rape of a child and was sentenced to two concurrent eighteen-year sentences in the Department of Correction. The remaining counts were dismissed.

On August 21, 2003, the Appellant, while incarcerated at the South Central Correctional Center in Wayne County, filed the instant petition for habeas corpus relief. On September 11, 2003, the trial court summarily dismissed the Appellant's petition for writ of habeas corpus.

**Analysis**

In Tennessee, the grounds upon which habeas corpus relief will be granted are narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief will only be granted where the petition shows that the judgment is "void" and not merely "voidable." *Id.* (citing *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999)). The petitioner bears the burden of establishing that the judgment is "void." *Id.* (citing *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar,* 381 S.W.2d 290, 291-92 (Tenn. 1964)). That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. *Id.* at 92-93 (citing *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000)). In other words, "the writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Id.* at 93 (citing *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993)).

Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may dismiss the petition without a hearing. *Id.* (citing Tenn. Code Ann. § 29-21-109 (2000); *Archer,* 851 S.W.2d at 164); *see also Roger L. Hickman v. State*, No. E2002-01916-SC-R11-PC (Tenn., Sept 22, 2004). Appointment of counsel is necessary only in cases in which the petition for writ of habeas corpus raises a cognizable claim. *Charles Damien Darden v. State,* No. W2001-01833-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 12, 2002).

## 1. Void Convictions

First, the Appellant asserts that his two convictions for rape of a child are void because the district attorney general failed to sign the indictment and because the trial court failed to sign the plea agreement. He argues that these defects deprived the trial court of jurisdiction to enter the convictions.

Article 6, section 5 of the Tennessee Constitution requires that the district attorney general sign the charging document or it will be deemed void. *See also* Tenn. Code Ann. § 40-13-103 (2003). Included in the record is a copy of the entire indictment, which clearly shows the district attorney general's signature following count sixteen. This court has held that there is no requirement that the signature of the district attorney general follow each count of an indictment; it is sufficient if the signature follows the final count of the indictment. *See James E. Martin v. Howard Carlton*, No. 03C01-9807-CR-00253 (Tenn. Crim. App. at Knoxville, June 7, 1999). Furthermore, "an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition." *Id.* This issue is without merit.

The Appellant also alleges that his plea agreement is void because the trial court "failed to sign off on the plea agreement." This argument is clearly misplaced. The trial court is not a party to the plea agreement; therefore, its signature on the agreement is not required. The record does, however, included an Order, signed by the trial court, accepting the Appellant's pleas of guilty as provided by the terms of the plea agreement. Accordingly, this issue is without merit.

## 2. Illegal Sentence

Last, the Appellant asserts that his two concurrent eighteen-year sentences are illegal because they are "outside the Statutory Mandates of T.C.A. §§ 40-35-111 and 40-35-112, which requires that any person convicted of rape of a child, and who is sentenced within the Range I as a standard offender, that such shall receive a mandatory sentence of twenty-five (25) years." In sum, the Appellant argues that his sentences are illegal because he should have received twenty-five-year sentences rather than the imposed eighteen-year sentences. This argument is ill-founded as neither our criminal code nor our sentencing laws require that a defendant who is convicted of rape of a child be mandatorily sentenced to twenty-five years imprisonment.

The Appellant was convicted of two counts of rape of a child, class A felonies, and sentenced as a Range I offender. Tennessee Code Annotated section 40-35-112(a)(1) (2003) provides that the sentencing range for a Range I standard offender for a class A felony is fifteen to twenty-five years. Clearly, the Appellant's two eighteen-year sentences for these class A felonies are within the appropriate range. Accordingly, the sentences imposed are not illegal. Thus, having determined that the Appellant presented no cognizable claims for relief in his petition for writ of habeas corpus, the trial court was correct in summarily dismissing the petition without appointment of counsel or a hearing.

## CONCLUSION

Based upon the foregoing reasons, we affirm the Wayne County Circuit Court's dismissal of the Appellant's petition for writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE