## HOUSTON AIRCRAFT CO. v. CITIZENS STATE BANK, HOUSTON, et al.

### No. 11665.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1944.

Jno. O. Douglas, of Houston, for appellant.

Sam W. Levy and Geo. P. Murrin, both of Houston, for the Bank, appellee.

Geo. L. McGhee and Glenn A. Perry, both of Houston, for Donovan, appellee.

MONTEITH, Chief Justice.

This suit was brought by appellant, Houston Aircraft Company, for the recovery from appellee, Citizens State Bank, of the sum of $200, with interest, represented by a cashier's check issued by said bank and made payable to the order of James G. Donovan. James G. Donovan, by restrictive or special endorsement on the back of said check, made it payable to J. J. Denny. Upon receipt of said check, and before presenting it for payment, the said J. J. Denny struck out the restrictions of said endorsement on the back of said check and notified James G. Donovan by letter, with copy of the letter to Citizens State Bank, that he had done so. Upon presentation of said check to Citizens State Bank, payment was refused on demand of James G. Donovan.

Appellee, Citizens State Bank, as third party plaintiff, filed its action in said suit against James G. Donovan seeking an adjudication of the respective claims of Houston Aircraft Company and James G. Donovan to said fund, and by plea of intervention tendered the sum of $200 into the registry of the court and sought recovery of its reasonable attorney's fees incurred therein.

James G. Donovan, as third party plaintiff, filed his action in said suit against Houston Aircraft Company and J. J. Denny,

who was made a party thereto, seeking a cancellation of said cashier's check and the recovery of the sum of $200 paid therefor.

At the conclusion of· the evidence, by agreement of the parties, the case was withdrawn from the jury and submitted to the court. Judgment was rendered by the court that said cashier's check be cancelled and rendered void; that J. J. Denny, doing business as Houston Aircraft Company, take nothing by its suit against Citizens State Bank; that Citizens State Bank recover the sum of $50 as its attorney's fees expended in the filing and prosecution of its plea of intervention; and that James G. Donovan recover the sum of $150, less the costs expended by all parties to the suit.

It is admitted that J. J. Denny owned, operated and did business as Houston Aircraft Company. On October 24, 1941, Citizens State Bank; in consideration of the payment of the sum of $200, issued its cashier's check for that amount payable to the order of James G. Donovan. Upon receipt of said check James G. Donovan endorsed on the back thereof "Pay to J. J. Denny or order, in full any and all claims of any character whatever," signed his name thereto and sent the check by messenger to J. J. Denny. Upon receipt of said check, J. J. Denny struck out the restriction to the endorsement on the back thereof by running a line through the notation "in full any and all claims of any nature whatever," and, prior to the presentation of the check for payment, he notified James G. Donovan by letter that he had struck out said restrictive endorsement and that he had credited him with the payment of $200. He sent a copy of this letter to the Citizens State Bank. Under written instructions from James G. Donovan the Bank refused payment of said check.

Article 5939, Vernon's Ann.Civil Statutes, Section 124, provides that: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers."

Section 125 of said Article 5939 provides that any change or addition which alters the effect of an instrument in any respect is a material alteration.

■ In construing the above provisions of said Article 5939, our courts have uniformly held that a material alteration of an instrument by a party thereto will vitiate it, though made with no fraudulent intent and with an entirely honest motive. The law holds the instrument void, not because the thing done is actually fraud, but because a contrary rule would open the door for fraud, and because the alteration changes the identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke. Murphy v. Bain, Tex.Civ.App., 142 S.W.2d, 598; 2 Am.Jur. 608, paragraph 16; 2 Tex. Jur. 693, paragraph 3; 702, paragraph 11.

It is undisputed in this case that the cashier's check in question was issued and made payable to the order of James G. Donovan and that it was by him endorsed and made payable to the order of J. J. Denny in full settlement of any claims the said J. J. Denny may have had at that time against James G. Donovan, and that the said J. J. Denny, after receiving said check, and without the knowledge or consent of James G. Donovan, struck out and altered that portion of the endorsement which made the check a settlement in full of any claim he might have had against James G. Donovan. The obligation of the bank under said check was to pay $200 to James G. Donovan or his order. James G. Donovan, by the restrictive endorsement on the back of the check, authorized the bank to pay the sum of $200 to J. J. Denny with the contractual obligations evidenced by said check, including the restrictive endorsement on the back thereof, unchanged.

■ There can be no question but that the striking of the restrictive endorsement on the back of said check was such a material alteration thereof as to cause it to speak a language differing in legal effect from that which it spoke prior to the striking of said endorsement.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.