STATE OF TENNESSEE ex rel. JAMES KUNTZ

*v.*

LYNN BOMAR, Warden, State Penitentiary.

381 S.W.2d 290.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

JAMES KUNTZ, pro se.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for defendant in error.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a petition for a writ of habeas corpus filed in the Davidson County Criminal Court, Division II (Hon. John L. Draper, Judge), by Kuntz, seeking to be released

from the penitentiary upon the allegation that he is being illegally held there under a judgment rendered by the Criminal Court of Davidson County, Division I (Hon. Raymond Leathers, Judge), in 1961, convicting him of assault with the intent to commit murder in the first degree, and for a subsequent escape, fixing his punishment at not less than one and not more than five years in the penitentiary for the assault, and an additional one year for the escape, the sentences to run consecutively.

Apparently, he acquiesced in the judgment and did not seek an appeal or writ of error to bring up the judgment for review in this Court. At least, it does not appear from the petition that any appeal was taken.

Petitioner attacked those judgments as void upon the ground that the indictments were wholly insufficient because they contained such words as ''force and arms, unlawful, feloniously, wilfully, and deliberately'' which were alleged to be unnecessary and in violation of T.C.A. sec. 40-1802. Petitioner contends that the use of such words in the indictments served only to prejudice the jurors against him.

Upon the hearing of the application for the writ, it does not appear that any evidence was offered to support any of the allegations of the petition. Nor does it appear that any copies of the indictments, or of the judgment of the trial court in Davidson County Criminal Court, Division I, were produced.

Upon this state of the record, the Trial Judge of the Davidson County Criminal Court, Division II, held that the petition was wholly without merit, was an effort to make a collateral attack upon the judgment, which could not be maintained in the absence of anything in the

record to impeach the judgment; and he dismissed the petition. Petitioner appealed in error and has assigned errors.

■ T.C.A. sec. 23-1807 provides that a petition for habeas corpus shall state, among other things, "(2) The cause or pretense of such restraint according to the best information of the applicant, and *if it be by virtue of any legal process, a copy thereof shall be annexed,* or a satisfactory reason given for its absence." (italics ours). The provisions of this section are mandatory. *Bateman v. Smith,* 183 Tenn. 541, 194 S.W.2d 336 (1946).

■ Petitioner, although complaining about specific words used in the indictments, failed to annex copies of the indictments or judgments to his petition. Nor did he indicate any reason given for their absence. Thus, it appears to this Court that the petition filed in the Davidson County Criminal Court, Division II, did not comply with the provisions of T.C.A. sec. 23-1807(2), and for that reason alone, it could have properly been dismissed as insufficient.

■ In addition, a petition for a writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction; it cannot be used as a substitute for an appeal or writ of error. *State ex rel. Jones v. West,* 139 Tenn. 522, 201 S.W. 743 (1957); *State ex rel. Dawson v. Bomar,* 209 Tenn. 567, 574, 354 S.W.2d 763 (1961); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 246, 364 S.W.2d 887 (1963).

■ As said by Mr. Justice Tomlinson in *Giles v. State ex rel. Giles,* 191 Tenn. 538, 545, 235 S.W.2d 24, 28 (1950),

"The writ of habeas corpus may not be employed as the means of assaulting a judgment of court unless the judgment assailed is void. *State ex rel. Grandstaff v. Gore,* 182 Tenn. 94, 98, 184 S.W.2d 336 [366]. The reason for this is that the use of the writ is a collateral, rather than a direct assault upon the judgment."

■ Moreover, upon a collateral attack on a judgment of a court of general jurisdiction made by the parties or their privies, such judgment is presumed to be in all respects valid, unless the record affirmatively shows that the court rendering the judgment lacked jurisdiction of the subject matter or of the person; and such presumption is conclusive "unless it is impeached by the record itself." *McCartney v. Gamble et al.,* 184 Tenn. 243, 248, 198 S.W.2d 552 (1947); *Giles v. State ex rel. Giles,* supra; *State ex rel. Dawson v. Bomar,* supra; *State ex rel. Holbrook v. Bomar,* supra.

■ Thus, it necessarily follows that the burden of showing the invalidity of the judgment is cast upon the petitioner, and in the absence of the production of such judgment, or copy thereof, there is a conclusive presumption that it is valid in all respects. *McCartney v. Gamble et al.,* supra; *State ex rel. Holbrook v. Bomar,* supra.

Under these well settled rules, it is clear that the matters complained of in the petition for habeas corpus are conclusively presumed to have been correctly determined by the Davidson County Criminal Court, Division I, and such matters are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment.

It, therefore, follows that the learned Judge correctly held that such matters had been properly determined in

the Davidson County Criminal Court, Division I, and there was no merit in the petition. For these reasons, the judgment of the Criminal Court of Davidson County, Division I, dismissing the petition for habeas corpus, is affirmed.