IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2004

## LUTHER HAGGARD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3431    J. Randall Wyatt, Jr., Judge**

_____

**No. M2003-02554-CCA-R3-HC - Filed June 9, 2004**

_____

The petitioner, Luther Haggard, filed a petition for the writ of habeas corpus in the Davidson County Criminal Court. In the petition he alleges that various Bradley County, Tennessee, convictions he received pursuant to guilty pleas entered in 1997 are illegal and void. The Davidson County Criminal Court summarily dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Luther Haggard, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

In February of 1997 the petitioner, Luther Haggard, entered guilty pleas in the Bradley County, Tennessee ,Criminal Court to numerous charges of burglary, aggravated burglary and theft. The judgment form wherein one of the guilty pleas was accepted provides that the petitioner could apply for a community corrections sentence after service of one year incarceration.

After entry of the guilty pleas in February, but before judgment was entered on those pleas in April 1997, the petitioner pled guilty to aggravated assault. On November 25, 1997, he applied to the trial court for a placement in community corrections, however that application was denied.

On September 25, 2003, in the Davidson County Criminal Court, the petitioner filed a petition for the writ of habeas corpus. In the petition he alleged that because his aggravated assault conviction made him ineligible for community corrections, his convictions and sentences on the guilty pleas in February 1997 are illegal and void.

On October 1, 2003, the habeas corpus court summarily denied the petition holding that the Bradley County convictions were not void. This appeal followed.

**ANALYSIS**

The grounds upon which habeas corpus relief is warranted are narrow. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A habeas corpus petition may only be used to challenge judgments that are void and not merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. The Tennessee Supreme Court has recognized that a sentence imposed in direct contravention of a sentencing statute, *i.e.*, the length or manner of service, for example, is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition, and if the petition fails to state a cognizable claim, the petition may be summarily dismissed by the trial court. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 29-21-109.

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291 (1964). If a petitioner fails to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

The petitioner's sentence is not illegal and the trial court properly dismissed the petition. Simply having a conviction for aggravated assault did not exempt the defendant from participation in community corrections. See State v. Michael Walls, No. M2002-01796-CCA-R3-CD, 2004 WL193071 (Tenn. Crim. App., Jan. 30, 2004) (no app. to date) (noting that defendant, who had aggravated assault conviction, not ineligible for community corrections.) Moreover, as noted by the habeas corpus court in denying the petition, the petitioner was not actually sentenced or guaranteed admission to community corrections; instead, the judgment only provided that he could apply for such after one year. The trial court properly dismissed the petition and the judgment should be affirmed.

The petitioner also argues on appeal that his guilty pleas were not knowing and voluntary, alleging that these pleas were predicated on being allowed to enter community corrections after a year. However, even assuming the truth of such allegations, they do not render the judgments void; claims regarding the voluntariness of a guilty plea must be brought in a petition for post-conviction relief. However, since the petitioner's judgments were final in 1997, the time for filing such a petition has expired. See Tenn. Code Ann. § 40-30-102 (2003) (providing a one year period of time in which to file such petitions.)

## CONCLUSION

In light of the foregoing, the judgment of the Davidson County Criminal Court summarily dismissing the petition for the writ of habeas corpus is AFFIRMED.

_____
JERRY L. SMITH, JUDGE