# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### THADDEUS D. DANIEL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 246399     Douglas A. Meyer, Judge**

**No. E2003-02637-CCA-R3-PC**
**February 9, 2004**

The petitioner, Thaddeus D. Daniel, appeals the trial court's dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Tenn. Ct. Crim. App. R. The petition presents no cognizable claim for habeas corpus relief, does not state the cause or pretense of the petitioner's restraint, and was not filed in the appropriate court. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Thaddeus D. Daniel, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On September 29, 2003, the petitioner filed a "writ of redress" in the Criminal Court for Hamilton County. Therein, the petitioner submitted that the Thirteenth Amendment to the United States Constitution, in providing for slavery as a form of punishment for crime, violates the prohibition against "bills of attainder or ex post facto laws." As such, the petitioner moved the trial court to declare the amendment unconstitutional and declare his imprisonment illegal.

Noting that the caption of the pleading included a reference to "habeas corpus ad subjicendum," and that the petitioner expressly declared that its purpose was to "test the legality of the detention or imprisonment," the trial court considered the pleading as one for habeas corpus relief. On October 7, 2003, the trial court dismissed the petition. The court found, in relevant portion:

The petition is incomplete under Tenn. Code Ann. § 29 21 107, which requires, *inter alia*, that an application for writ of *habeas corpus* state the cause or pretense of restraint. In addition, venue is apparently improper under Tenn. Code Ann. § 29 21 105, which requires an applicant for the writ to apply to the court or judge most convenient in point of distance or give sufficient reason for application to another court or judge.

Even were the petition complete and venue proper, however, it would not state a claim for relief. The writ of *habeas corpus* only tests the facial validity of a judgment, including the record of the underlying proceedings, and the expiration of a sentence. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). The defendant alleges neither the facial invalidity of a judgment nor the expiration of a sentence.

In this state, "'[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint.'" Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998) (quoting T.C.A. § 29-21-101.) The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W. 2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

The petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Significantly, the petitioner has failed to include in support of his petition a copy of the judgment by which he is being restrained and has offered no explanation for his failure to do so. See Tenn. Code Ann. § 29-21-107(b)(2). Similarly, according to the return address listed on the petition, the petitioner is presently incarcerated in the West Tennessee State Penitentiary in Henning, Tennessee. The petitioner has provided no reason for filing his petition in a court other than the court located closest in point of distance to him. See Tenn. Code Ann. § 29-21-105. For all of these reasons, we conclude that the trial court properly dismissed the petition.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
JOSEPH M. TIPTON, JUDGE

-2-