# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ARNOLD CARTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Monroe County**
**No. 03-149    R. Steven Bebb, Judge**

**No. E2003-02887-CCA-R3-PC**
**March 16, 2004**

The petitioner, Arnold Carter, appeals the trial court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this Court dismiss the appeal or, in the alternative, affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has not established a valid claim for habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Arnold Carter, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James W. Pope, III, Assistant District Attorney General for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This court set forth the procedural history of the petitioner's case in a previous opinion affirming the denial of post-conviction relief :

> In January 1972, the appellant was convicted of robbery in the state of Kentucky and received a life sentence. While serving this sentence, he was indicted for murder and robbery in Monroe County, Tennessee. Thereafter, the Governor of Tennessee and the Governor of Kentucky entered into an executive agreement, the pertinent part of which is as follows:
>
> > NOW THEREFORE, pursuant to the criminal extradition laws of Tennessee and Kentucky, respectively,

IT IS MUTUALLY AGREED, that in consideration of the return of said fugitives to the State of Tennessee, as aforesaid before the conclusion of their terms of imprisonment in the Kentucky State Penitentiary, Lyon County, Eddyville, Kentucky, that the said fugitives will be returned to said prison at the expense of the State of Tennessee as soon as the aforesaid prosecution in the State of Tennessee is terminated.

The appellant was convicted in Tennessee of murder in the first degree and received a sentence of death. However, instead of being returned to the state of Kentucky immediately after his trial in Tennessee, the appellant was taken to the Tennessee State Penitentiary where he remained for a period of forty-one days. Tennessee officials then apparently discovered their error and an executive order was issued returning the appellant to Kentucky.

. . . .

The appellant's trial was completed on May 10, 1972, at which time judgment was imposed. He was transferred to the penitentiary the next day and was returned to Kentucky on June 21, 1972.

Carter v. State, 600 S.W. 2d 750, 751-52 (Tenn.Crim.App. 1980)(footnotes omitted). The Governor subsequently commuted the petitioner's death sentence and he was resentenced to ninety-nine years imprisonment.

On August 13, 2003, the petitioner filed a petition for writ of habeas corpus alleging that his sentence expired and the State of Tennessee lost jurisdiction over him on June 21, 1972, when Tennessee Governor Winfield Dunn "released" him to Kentucky "by executive order of time cut/time served" after his trial court proceedings in Monroe County had concluded. The petitioner reasons that after June 21, 1972, no valid judgment, including the August 9, 1972, commutation, could have been entered against him. The petitioner concludes that he was "effectively kidnapped" from Kentucky in 1982 when he was apparently returned to Tennessee to begin serving his ninety-nine year Monroe County sentence.

On October 27, 2003, the trial court dismissed the petition, finding that the petitioner had not established either an expired sentence or a void judgment. The record reflects that the petitioner filed notice of appeal on December 1, 2003. The state asserts that the appeal should be dismissed as untimely filed or, in the alternative, the trial court's judgment summarily affirmed. In response to the motion to dismiss, the petitioner has submitted a purported copy of a portion of the prison log book which reflects that the petitioner submitted a document which he alleges was his notice of appeal to prison authorities for mailing to the trial court clerk on November 25, 2003, at 8:40 a.m. The court concludes that although the uncertified, unsworn document does not conclusively establish that notice of appeal was timely filed, the requirement should be waived pursuant to Rule 4(b),

-2-

T.R.A.P., in view of the petitioner's pro se status and the fact that the notice was at most six days late and at best, timely submitted to prison authorities for mailing. See Tenn. S. Ct. R. 28, § 2(G) (providing that papers filed by a pro se petitioner incarcerated in a correctional facility are considered timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing").

Addressing the merits of the petitioner's appeal, in this state, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn.Crim.App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer v. State, 851 S.W. 2d at 164. A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. §29-21-109.

The petitioner avers that he has been unable to locate a June 21, 1972, executive order by which his initial sentence of death was "commuted" as "time cut/time served," thus leaving the Governor of Tennessee without authority to commute his death sentence to ninety-nine years in August 1972. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). The petitioner has not established that he is entitled to habeas corpus relief. The state suggests that it would have been "ludicrous" for the governors to agree at the outset that the petitioner would be extradited from Kentucky to Tennessee for prosecution, and to also agree that Tennessee would then lose jurisdiction over the petitioner following his conviction and return to Kentucky. This court concludes that there is nothing to support the petitioner's assertions. Moreover, this court affirmed the petitioner's conviction and his ninety-nine year, commuted sentence on direct appeal. See Carter v. State, No. 23, Monroe County (Tenn.Crim.App. at Knoxville, May 9, 1973), app. denied (Tenn. 1973). We thus conclude that the trial court properly dismissed the habeas corpus petition.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
GARY R. WADE, PRESIDING JUDGE