# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. RAYMOND SUNIL TATE

**Appeal from the Criminal Court for Hamilton County**
**No. 247130     Douglas A. Meyer, Judge**

---

### No. E2004-00873-CCA-R3-HC - Filed October 15, 2004

---

The petitioner, Raymond Sunil Tate, appeals from the denial of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the action of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R. The petition does not establish either an expired sentence or a void judgment. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JAMES CURWOOD WITT, JR., J., joined.

John Allen Brooks, Chattanooga, Tennessee, for the appellant, Raymond Sunil Tate.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William H. Cox, III, District Attorney General; Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to his brief, the petitioner was convicted in March 1997 pursuant to a guilty plea of possession of cocaine (case no. 214455 ) and was sentenced to six years' imprisonment. In June 2000, the petitioner pleaded guilty to attempted possession of cocaine for resale and possession of marijuana (case nos. 229724 - 229725). Upon these convictions, he received an effective four year sentence to be served consecutively to his prior, six-year sentence. No direct appeal was apparently taken.

On November 18, 2003, the petitioner filed a pro se petition for writ of habeas corpus. The petitioner stated that he was in custody on a probation violation warrant issued in case no. 229724. The petitioner claimed, however, that he had fully served his four year sentence in that case based on actual time served and the application of sentence reduction credits. The petitioner asserted that the trial court thus lacked jurisdiction to order his probation revoked. The trial court appointed counsel and a hearing was held at which the court heard testimony from the petitioner and the records supervisor at the facility at which the defendant is incarcerated. At the conclusion of the

hearing, the trial court found that the petitioner had not established the amount of sentence reduction credits applicable in case no. 229724 or the date of expiration of his prior, six-year sentence to support his claim of an expired sentence in case no. 229724. The court denied relief and the defendant was returned to custody.

Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer v. State, 851 S.W. 2d 157, 164 (Tenn. 1993). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

In this case, the petitioner contends that his sentence has expired. As the trial court found, however, the undisputed amount of jail credit in case no. 229724, 545 days, does not alone equal or exceed the length of the four year sentence. Further, the records supervisor testified, and the petitioner agreed, that additional time that the petitioner had been placed on community corrections was properly credited to his prior, six-year sentence. As the trial court further found, there is no proof to corroborate the petitioner's claim that with the application of sentence reduction credits, his four-year sentence had in fact expired. "Moreover, time credits, being internal matters, are generally inappropriate considerations in a habeas corpus proceeding. The validity of any sentence reduction credits must be addressed through the avenues of the Uniform Administrative Procedures Act." Carroll v. Raney, 868 S.W. 2d 721, 723 (Tenn. Crim. App. June 2, 1993); Tenn. Code Ann. § 4-5-101 to -323. Based upon our review of the pleadings, the record and the applicable law, this court concludes that the trial court properly denied the petition for writ of habeas corpus.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
NORMA McGEE OGLE, JUDGE