IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2005 Session

## TAMMY SEARLE (f/k/a/TAMMY MORETTI) v. JUVENILE COURT FOR WILLIAMSON COUNTY

Appeal from the Circuit Court for Williamson County
No. II-11636     Timothy L. Easter, Judge

No. M2004-00331-COA-R3-HC - Filed February 10, 2005

The petitioner was convicted of criminal contempt of the Juvenile Court of Williamson County, and sentenced to 590 days for 59 comtempts. She fled the State and apparently is a resident of California. A direct appeal was rejected because of her fugitive status. She now seeks a Writ of Habeas Corpus, on the theory that the conviction and sentence are void. She remains a fugitive and the court dismisses her petition on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S., and WILLIAM B. CAIN, J., joined.

John E. Herbison, Nashville, Tennessee, attorney for appellant, Tammy Searle, f/k/a Tammy Moretti.

Lisa M. Carson, Franklin, Tennessee, attorney for appellee, Juvenile Court for Williamson County.

### OPINION

The plaintiff seeks the writ of habeas corpus alleging that she is restrained of her liberty "pursuant to the purported judgment of the Juvenile Court of Williamson County" which sentenced her to serve 590 days in jail for 59 acts of criminal contempt. She alleges that this judgment is void.

The defendant responded that the judgment of contempt did not restrain the plaintiff of her liberty, and that she has been a fugitive since the judgment was entered.[1]

The judgment of the Juvenile Court was appealed to this Court, and we held that "by evading law enforcement officials and declining to comply with the trial court's orders the petitioner waived

---

[1] The plaintiff is said to be a resident of California, which has declined to extradite her. We note that she swore to the petition for habeas corpus before a notary public in Sumner County, Tennessee.

her right to appeal." She now attacks from another direction, i.e., by seeking the writ of habeas corpus.

We are not prepared to hold at this stage that the judgment is prima facie void: it recites the statutory requirements for the adjudication of criminal contempt, and the punishment is within the permitted range. Tenn. Code Ann. § 29-9-102 *et. seq.* Moreover, the writ may not be utilized in lieu of an appeal. *See, State ex rel. Kuntz v. Bomar,* 381 S.W.2d 290 (Tenn. 1964); *State ex rel Newsom v. Henderson*, 424 S.W.2d 186 (Tenn. 1968). Any consideration of the merits of the petitioner's obligations must abide the cessation of her fugitive status and pursuant to established procedures and legal requirements.

The judgment of dismissal is affirmed at the costs of the appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE