IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE


**DOUGLAS L. BROWN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bledsoe County**
**No. 46-2004     Thomas W. Graham, Judge**

---

**No. E2004-02496-CCA-R3-HC - Filed May 13, 2005**

---

The petitioner, Douglas L. Brown, has appealed from the Bledsoe County Circuit Court's dismissal of his petition for *habeas corpus* relief. The petition attacked the petitioner's two 1998, Davidson County, guilty-pleaded convictions of rape of a child. The state has moved the court pursuant to Rule 20 of this court's rules to summarily affirm the judgment of the *habeas corpus* court. We sustain the motion and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and NORMA MCGEE OGLE, J., joined.

Douglas L. Brown, Pikeville, Tennessee, *pro se*.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the Appellee, State of Tennessee.


**MEMORANDUM OPINION**

The judgments of conviction reflect that, pursuant to the petitioner's guilty pleas, he received consecutive 15-year sentences. The judgment forms indicate that in each case the petitioner was sentenced as a child rapist pursuant to Tennessee Code Annotated section 39-13-523(a)(1), (b) (2003) (providing for no release eligibility for one convicted of child rape). The petitioner's petition for *habeas corpus* relief attacked the validity of the judgments on various grounds, including that the no-release-eligibility provisions departed from the plea agreement and that the plea was involuntary and knowing.

The purpose of a *habeas corpus* petition is to contest void and not merely voidable judgments. *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993) (citing *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). *Habeas corpus* relief is available only

when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. *Archer*, 51 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A trial court may summarily dismiss a petition for writ of *habeas corpus* without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The petition alleges no infirmities that would entitle the petitioner to *habeas corpus* relief. The conviction court was empowered by our criminal and sentencing code to impose the convictions and sentences set forth in the judgments. In particular, the terms of the petitioner's sentences are within statutory bounds. The claims of involuntary or unknowing guilty pleas, nonconformity of the judgments with the plea agreement, erroneous consecutive sentencing, and the erroneous ordering of sex-offender supervision, if established, would render the judgments voidable and not void. Although the petitioner claims that the indictment charged duplicitous counts and that the judgments violate principles of double jeopardy, the plea submission hearing record reflects that the bases for the convictions were rapes of a child that occurred on two different dates, belying any claim of duplicity of convictions.

In short, the petitioner has alleged neither facially invalid judgments nor expired sentences. This court concludes that the trial court properly denied the petition for writ of *habeas corpus*, and the judgment is affirmed pursuant to Rule 20.

_____
JAMES CURWOOD WITT, JR., JUDGE