IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## WILLIE L. HICKS, JR. v. KEVIN MYERS, WARDEN and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Sullivan County**
**No. C49, 827    Phyllis H. Miller, Judge**

**No. E2004-02921-CCA-R3-HC - Filed August 22, 2005**

The petitioner, Willie L. Hicks, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Willie L. Hicks, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In May 1995, the petitioner was convicted pursuant to guilty pleas for first degree murder (count 1) and second degree murder (count 2).  Pursuant to his plea agreement, the petitioner was sentenced upon these convictions to life with the possibility of parole and to 15 years, respectively, with said sentences ordered served consecutively.  In November 2004, the petitioner filed a petition for writ of habeas corpus.  The petitioner contended that his sentences were illegal and void because the judgments each reflect that the sentence imposed is to be served consecutively to the sentence imposed in the other judgment.  The petitioner reasoned that if he "can't serve count one until he expires count two, and can't serve count two until he expires count one," he is left with no legal sentence to serve.  He further argued that his 15 year sentence for second degree murder has fully expired.  The trial court dismissed the petition finding that it failed to comply with a statutory requirement for seeking habeas corpus relief and that no cognizable claim for relief was alleged.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

First, it is clear that the petitioner's 15 year sentence imposed on May 17, 1995, has not expired. The petitioner's additional claim of a void judgment based on each judgment ordering a consecutive sentence does not present a cognizable claim for habeas corpus relief. Although the petitioner correctly describes each judgment as providing for its sentence to be served consecutively to the sentence imposed in the other judgment,[1] the judgments are not thereby rendered void. Moreover, the trial court correctly noted that the petitioner failed to file his petition with the "court or judge most convenient in point of distance to the applicant," and the petitioner has given no sufficient reason for not applying to such court or judge. See Tenn. Code Ann. § 29-21-105. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). The petition was subject to dismissal on this basis alone. Based on the aforestated reasons, the trial court properly denied habeas corpus relief.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1]The state's assertion in support of its Rule 20 motion that "the judgments clearly indicate that the petitioner's sentence in Count two is to be served consecutive (sic) to the sentence in count one" misses the point of the petitioner's argument in view of the fact that the judgment in count one further provides that that sentence is to be served consecutively to the sentence in count two.