IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2006

## MICHAEL DWAYNE EDWARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 06-5020C     Jeff Bivins, Judge**

_____

**No. M2006-01043-CCA-R3-HC - Filed January 11, 2007**

_____

Petitioner, Michael Dwayne Edwards, was convicted by a Henry County jury of burglary and received a sentence of nine years as a Range III, persistent offender. His conviction was affirmed on appeal. State v. Michael Dwayne Edwards, No. W1999-00591-CCA-R3-CD, 2000 WL 674671 (Tenn. Crim. App. at Jackson,  May 16, 2000), perm. to appeal denied (Tenn. Dec. 4, 2000). On March 22, 2006, the petitioner filed a pro se petition for writ of habeas corpus challenging his classification as a persistent offender. The trial court dismissed his petition without the appointment of counsel or an evidentiary hearing. Following our review, we reverse the judgment of the trial court and remand for appointment of counsel and an evidentiary hearing to determine whether the petitioner received an illegal sentence as the result of an improper range classification.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Michael Dwayne Edwards, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie Price, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael Dwayne Edwards, appeals the trial court's dismissal of his petition for writ of habeas corpus. The record reflects that the petitioner was found guilty of burglary by a Henry County jury and received a sentence of nine years as a Range III, persistent offender. On March 22, 2006, the petitioner filed a pro se petition for writ for habeas corpus contending that his nine year sentence was illegal due to an erroneous offender classification. Upon review of the petition and the state's motion to dismiss, the trial court dismissed the petition without the appointment of counsel or an evidentiary hearing.

ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas relief is limited and available only when it appears on the face of the judgment or the record of proceedings that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109.

The determination of whether to grant habeas corpus relief is a matter of law; and, therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The challenged judgment in this case shows an offender classification of Range III, persistent offender. To qualify as a persistent offender, there must exist five or more qualifying prior felonies. Tenn. Code Ann. § 40-35-107(1). The petitioner included copies of the judgments of prior convictions as an attachment to his habeas petition. An examination of these judgments shows that the conviction for felony evading arrest relates to an offense that occurred subsequent to the burglary offense upon which the petitioner now challenges his sentencing classification. This prior conviction cannot be considered for any range enhancement purpose. Tenn. Code Ann. § 40-35-107(b)(1). Thus, it would appear from the record presented that the petitioner should not have been sentenced as a persistent offender.

A sentence imposed in direct contravention of a statute is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). In McLaney, a habeas petitioner alleged that his sentence was illegal because the offense occurred while he was on bail and he had received a concurrent sentence rather than a consecutive sentence as mandated by Tenn. Code Ann. § 40-20-111(b). The Tennessee Supreme Court remanded the case to the trial court for appointment of counsel and an evidentiary hearing with respect to the bail issue. The Court further directed that if the petitioner's allegation regarding bail was true, the sentences should be declared void and the case should be transferred to the convicting court for appropriate proceedings to correct the judgment. McLaney, 59 S.W.3d at 92-95.

This court sees no difference between the petitioner's allegation regarding improper range enhancement and the improper concurrent sentences imposed in McLaney. Both, if proven true, result in an illegal sentence which warrant the granting of habeas corpus relief. However, because the trial court did not conduct an evidentiary hearing, we cannot ascertain from this record whether the convicting court relied upon the evading arrest conviction in arriving at the range determination, whether there were other prior felonies considered or whether the petitioner agreed to be sentenced outside the range. Therefore, the judgment of the habeas court summarily dismissing the petition

is reversed and this case is remanded for the appointment of counsel and an evidentiary hearing to determine whether the petitioner's range classification was improper. If the habeas court determines that the sentence imposed was illegal, the court must then remand the case to the Henry County Circuit Court, where the convictions occurred, for appropriate resentencing.

## CONCLUSION

Because the habeas corpus petition sufficiently raised an issue regarding the imposition of an illegal sentence due to an improper range enhancement, the judgment of the trial court in summarily dismissing the petition is reversed. The case is remanded to the habeas trial court for the appointment of counsel and an evidentiary hearing, with possible further proceedings to correct the sentence as deemed necessary.

_____
D. KELLY THOMAS, JR., JUDGE