# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### ROBERT T. HENRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
No. 276874      Rebecca J. Stern, Judge

**No. E2010-01749-CCA-R3-HC - Filed March 4, 2011**

The Petitioner, Robert T. Henry, appeals the Hamilton County Criminal Court's dismissal of his petition for habeas corpus relief from his 1978 conviction for robbery. He claims his conviction is void because the law applicable at the time of his conviction has since been repealed and current law renders his indeterminate sentence illegal. The State has moved the court to affirm the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Robert T. Henry, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted by a Hamilton County Criminal Court jury of robbery on April 8, 1978. He was sentenced to not less than ten nor more than fifteen years' confinement. On June 10, 1980, the Petitioner escaped from custody and was not apprehended and returned to Tennessee until 2009. On June 22, 2010, the Petitioner filed a petition for writ of habeas corpus alleging that his conviction is void because the law applicable at the time of his conviction has since been repealed and the Criminal Sentencing Reform Act of 1989 renders his indeterminate sentence illegal. The trial court summarily dismissed the petition after determining that the Petitioner failed to state a cognizable claim

for habeas corpus relief. The trial court stated, "The petition does not allege that the sentence is illegal under applicable law; it merely alleges that the sentence is illegal under current law and by reason of the repeal of applicable law." This appeal followed.

In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

In its motion, the State asserts that the petition was properly dismissed because it was improperly filed in Hamilton County instead of in Morgan County, the county of incarceration. The State also asserts that because the Petitioner was sentenced under a valid statute that was in effect at the time he committed the robbery, he has failed to state a cognizable claim for habeas corpus relief. The Petitioner claims that his conviction is void because the law applicable at the time of his conviction has since been repealed and the Criminal Sentencing Reform Act of 1989 renders his indeterminate sentence illegal. He argues that his sentence is illegal because robbery is currently a Class C felony punishable by three to six years' confinement, not ten to fifteen years' confinement. See T.C.A. §§ 39-13-401, 40-35-112 (2010).

With regard to the State's claim that the petition was properly dismissed because it was not filed in the county of incarceration, Tennessee Code Annotated section 29-21-105 states that an application for habeas corpus relief should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Although the Petitioner is incarcerated in Morgan County and filed his petition in Hamilton County, the trial court did not dismiss the petition on procedural grounds, and we will not rely on this deficiency in determining whether the trial court erred by dismissing the petition. See Brian Roberson v. Howard Carlton, Warden, No. E2006-01551-CCA-R3-HC, Johnson County, slip op. at 4 (Tenn. Crim. App. July 12, 2007) (unless a trial court dismisses a petition for habeas corpus due to noncompliance with procedural requirements, an appellate court should not rely on procedural deficiencies to defeat an appeal), app. denied (Tenn. Nov. 19, 2007).

With regard to the State's claim that the Petitioner has failed to state a cognizable claim for habeas corpus relief because he was sentenced under a valid statute that was in

2

effect at the time he committed the robbery, Tennessee Code Annotated section 39-11-112 states:

> When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense.

Furthermore, if a criminal offense was committed before July 1, 1982, "prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." T.C.A. § 40-35-117 (2010).

The record reflects that the Petitioner was tried and sentenced under the law as it existed at the time of the robbery on August 17, 1977. The Petitioner's indeterminate sentence was authorized by the applicable statutory sentencing provisions. See T.C.A. § 39-3901 (repealed 1989) ("Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years."). The Petitioner has not claimed or shown that his sentence is facially invalid under the law applicable at the time of his crime. The Petitioner is not entitled to relief.

The State's motion is granted. The opinion provides no precedential value; the proceeding occurred before the trial court without a jury; the action was not a determination of guilt; the evidence does not preponderate against the trial court's findings; and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE