IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2005

## ANDRE L. MAYFIELD v. HOWARD CARLTON & STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4434   Robert E. Cupp, Judge**

---

**No. E2005-00138-CCA-R3-HC - Filed July 29, 2005**

---

The petitioner, Andre L. Mayfield, filed a petition for writ of habeas corpus arguing that: (1) he was improperly considered as a multiple rapist; (2) the trial court lacked the authority to sentence the petitioner as a multiple rapist without an indictment charging him as such; (3) the trial court lacked authority to modify the petitioner's original sentence; (4) the trial court failed to expressly state how the sentence in count five (5) would run; (5) the trial court improperly filled out the judgment form for count four (4); and (6) the judgment forms indicating that the petitioner was sentenced as a multiple offender with a release eligibility of thirty-five percent (35%) are improper. The trial court denied the petition. The petitioner appeals. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Andre L. Mayfield, Pro Se, Mountain City, Tennessee.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General and Joe Crumley, District Attorney General for the appellee, State of Tennessee.

**OPINION**

Factual Background

On July 15, 1993, the petitioner pled guilty to three (3) counts of aggravated rape and one (1) count of aggravated robbery. As a result of the plea agreement, the petitioner was sentenced to concurrent terms of twenty (20) years for each aggravated rape conviction and ten (10) years for the

aggravated robbery conviction, for an effective sentence of twenty (20) years as a Range I standard offender with a release eligibility of thirty percent (30%).

On March 15, 1999, the petitioner filed a motion to withdraw his guilty plea. In that motion, the petitioner argued that because he was classified by the Tennessee Department of Correction as a multiple rapist, his release eligibility was changed from thirty percent (30%) to one hundred percent (100%) in violation of his plea agreement and, therefore, his plea was ineffective. The trial court allowed the petitioner to withdraw his plea agreement.

In June of 1999, the petitioner was tried by a Davidson County jury and found guilty of aggravated robbery, aggravated rape, rape and two (2) counts of aggravated kidnapping for crimes perpetrated on two (2) victims. As a result, he was sentenced to an effective term of fifty (50) years as a multiple rapist and multiple offender. The petitioner appealed. On direct appeal, this Court affirmed the petitioner's conviction, but modified the judgment of the trial court to indicate that the petitioner was a Range II multiple rapist for purposes of the rape conviction. See State v. Andre L. Mayfield, No. M1999-02415-CCA-R3-CD, 2001 WL 637700 (Tenn. Crim. App., at Nashville, June 11, 2001), perm. app. denied, (Tenn. 2001).

On July 13, 2004, the petitioner filed a petition for writ of habeas corpus in the Johnson County Circuit Court in case number 4434.[1] In that petition, the petitioner argued that: (1) his fifty (50) year sentence is void; (2) his sentence as a multiple rapist on count three (3) is in direct contravention of Tennessee Code Annotated section 39-13-523(a)(2); (3) his sentence as a multiple rapist on count five (5) is void because the trial court lacked authority to impose the sentence without a separate indictment charging the petitioner as a multiple rapist; (4) the trial court lacked the authority to modify the petitioner's original sentence from twenty (20) years to fifty (50) years; (5) his sentence on count five (5) is in violation of Tennessee Code Annotated section 40-20-111 because the trial court failed to expressly state whether the sentence would run concurrent or consecutive to the other sentences; (6) his sentence on count four (4) is void because the trial court expressly ordered the sentence to run concurrent to another sentence, but the judgment form states that the sentences are to be served consecutively; and (7) the petitioner is improperly classified as a Range II multiple offender. The trial court entered an order on December 8, 2004, denying the petition for habeas corpus relief. The petitioner filed a timely notice of appeal.

On appeal, the pro se petitioner presents the following issues: (1) whether the trial court properly classified the petitioner as a multiple rapist; (2) whether the trial court had the authority to enhance the petitioner's sentence to that of a multiple rapist without an indictment charging such enhancement; (3) whether the trial court lacked the authority to modify the petitioner's original sentence; (4) whether the fifteen (15) year sentence for rape is void because the trial court failed to expressly state whether the sentence would run concurrent or consecutive to the other sentences; and (5) whether the sentence for aggravated kidnapping under count four (4) is void because the trial

---

[1] The technical record also includes a copy of a previous petition for writ of habeas corpus filed by the petitioner on April 22, 2004, in case number 4385.

court ordered the sentence to run concurrent to the sentence for aggravated rape under count three(3), but the judgment form incorrectly states that the sentences be served consecutively.

## Analysis

### Standard of Review for Habeas Corpus Relief

On appeal, the petitioner argues that the trial court improperly dismissed the petition. The State argues that the petition for habeas corpus relief was properly denied because the petitioner failed to prove that the judgment of the trial court was void or that his sentence is illegal.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

A habeas petitioner can only attack a judgment that is void on its face and not one that is merely voidable. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If a petitioner fails to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627-28 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

### A. Multiple Rapist Classification

The petitioner contends that his sentence as a multiple rapist on count three (3) is void and in direct contravention of Tennessee Code Annotated section 39-13-523(a)(2). Specifically, he argues that this was his "first rape offense conviction ever, and the statute only applies to a second or subsequent rape conviction." He cites State v. Johnson, 970 S.W.2d 500, 505 (Tenn. Crim. App. 1996), to support his argument. The State counters that the petitioner was properly classified as a multiple rapist.

Tennessee Code Annotated section 39-13-523(a)(2) defines a multiple rapist as "a person convicted two (2) or more times of violating the provisions of § 39-13-502 or § 39-13-503, or a person convicted at least one (1) time of violating § 39-13-502, and at least one time of § 39-13-503." Classification as a multiple rapist requires a defendant to serve "the entire sentence imposed

by the court undiminished by any sentence reduction credits such person may be eligible for or earn." Tenn. Code Ann. § 39-13-523(b).

In State v. Johnson, the defendant was convicted of a rape prior to the enactment of the 1992 statute mandating service of the entire sentence for a multiple rapist. This Court determined that the 1992 statute applied as long as one (1) of the rape offenses at issue was committed after the enactment of the law. Johnson, 970 S.W.2d at 505. In the case herein, the petitioner was convicted of one (1) count of aggravated rape and one (1) count of rape, both occurring after the enactment of the 1992 statute mandating service of the entire sentence for a multiple rapist. The petitioner clearly qualifies as a multiple rapist as he was convicted of two (2) rape offenses as required by the statute. The petitioner's classification as a multiple rapist does not result in a void judgment. This issue is without merit.

### B. Separate Indictment for Multiple Rapist Classification

The petitioner also argues that his sentence as a multiple rapist in count five (5) is void because the trial court lacked the authority to impose an enhanced sentence classifying the petitioner as a multiple rapist without a separate indictment specifying and charging that the offense was a second offense eligible for an enhanced punishment. The State disagrees.

In support of his argument, the petitioner argues that Tennessee Code Annotated section 40-35-203 requires the State to file a separate indictment specifying and charging the petitioner with rape as a second offense eligible for an enhancement punishment. Tennessee Code Annotated section 40-35-203(e) outlines a trial court's procedures for imposing sentences and provides as follows:

> If the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense, the indictment in a separate count shall specify and charge such fact. If the defendant is convicted of the offense, then the jury must find that beyond a reasonable doubt the defendant has been previously convicted the requisite number of times for the same offense. Upon such finding, the defendant shall be subject to the authorized terms of imprisonment for the felonies and misdemeanors as set forth in § 40-35-111.

Tenn. Code Ann. § 40-35-203(e). The Sentencing Commission Comments for Tennessee Code Annotated section 40-35-203 state that an "example of an application of subsection (e)" is found in Tennessee Code Annotated section 39-17-418, which specifically provides for "an enhanced penalty for third and subsequent offenses" for simple possession or casual exchange of a controlled substance. Tenn. Code Ann. § 39-17-418 Sent. Comm'n Cmts. In the case herein, the petitioner was convicted of one (1) count of aggravated rape and one (1) count of rape, in violation of Tennessee Code Annotated sections 39-13-502 and 39-13-503, respectively. Neither statute proscribes an enhanced punishment for a second or subsequent offense as required by Tennessee Code Annotated section 40-35-203. Further, Tennessee Code Annotated section 39-13-523 merely defines a multiple

rapist as a person convicted two (2) or more times of violating the provisions of the rape statutes, it does not indicate that a trial court or a jury must determine whether a defendant is a multiple rapist. The classification is, essentially, automatic upon a defendant's second conviction for a rape offense. The petitioner has failed to cite any authority dictating otherwise. We fail to see how a separate indictment is necessary in order to classify the petitioner as a multiple rapist. Again, the petitioner's classification as a multiple rapist does not result in a void judgment. This issue is without merit.

## C. "Modification" of Original Sentence

Next, the petitioner argues that the trial court lacked the authority "to modify the petitioner's original sentence from 20 years to 50 years, once the judgement [sic] on the original 20 year sentence had became [sic] final, and the petitioner was transfered [sic] to the Tennessee Department of Correction, to start serving the 20 year sentence." The State contends that there is no defect in the trial court's judgment that is "discernable from the record."

In 1993, the petitioner pled guilty to three (3) counts of aggravated rape and one (1) count of aggravated robbery. Pursuant to the agreement, the petitioner was to serve an effective sentence of twenty (20) years with a thirty percent (30%) release eligibility. However, the Department of Correction classified the petitioner as a multiple rapist, requiring him to serve his sentence in its entirety. Therefore, in 1999, the petitioner voluntarily moved to withdraw his guilty plea from 1993 and expressed his desire to go to trial on the offenses with which he was charged. The petitioner was permitted to withdraw his plea because the petitioner was not eligible for a thirty percent (30%) release eligibility as a multiple rapist. As a result, the petitioner was tried by a jury as if he had never entered a plea. The petitioner now essentially argues that the trial court did not have the authority to entertain his motion for withdrawal of his pleas because his motion was untimely.

A trial court has the authority to "correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 872 (Tenn. 1978). This Court has previously determined that judgments setting release eligibility beyond the outer limits of statutory authority are void. See Dewayne Cathey v. State, No. W2003-00411-CCA-R3-CD, 2004 WL 1686869 (Tenn. Crim. App., at Jackson, July 28, 2004), perm. app. denied, (Tenn. Dec. 20, 2004); William Boyd v. State, No. E1999-02179-CCA-R3-PC, 2000 WL 1661526 (Tenn. Crim. App. Nov. 6, 2000). In the case herein, the petitioner moved to withdraw his guilty pleas based on the premise that the sentence he agreed to was, in effect, an illegal sentence. Though the judgment was final at the time, the trial court had jurisdiction to allow the petitioner to withdraw his plea because the judgment was illegal and void. The petitioner received a trial and his sentence and convictions were affirmed on direct appeal. See Andre L. Mayfield, 2001 WL 637700, at 15. While the petitioner is surely dissatisfied that his sentence was increased from twenty (20) to fifty (50) years, there is no proof in the record that the judgment is void such that would warrant habeas corpus relief. This issue is without merit.

## D. Sentence

The petitioner contends on appeal that the trial court failed "to expressly state how count 5 would run from or with the other counts" and that the judgments are contrary to the stated intent of the trial court in regard to the manner of service of count four (4). The State argues that the trial court's intention as to the manner of service of the sentences is clear from the record.

The judgments herein reflect that the petitioner was convicted of aggravated kidnapping in count one (1) and sentenced to fifteen (15) years as a Range II multiple offender. The sentence in count one was ordered to run concurrent to the sentence in count two (2) and consecutive to the sentence in count three (3). In count two (2), the petitioner was convicted of aggravated robbery and sentenced to fifteen (15) years as a Range II multiple offender. The sentence for aggravated robbery was ordered to run concurrent to the sentence in count one (1) and consecutive to the sentence in count three (3). In count three (3), the petitioner was convicted of aggravated rape and ordered to serve twenty (20) years as a multiple rapist. The sentence in count three (3) was ordered to run consecutive to the sentences in counts one (1), two (2), four (4) and five (5). In count four (4), the petitioner was convicted of aggravated kidnapping and ordered to serve fifteen (15) years as a Range II multiple offender. The sentence in count four (4) was ordered to be served concurrent with count five (5) and consecutive to counts one (1), two (2), and three (3). In count five (5), the petitioner was convicted of rape and sentenced to fifteen (15) years as a multiple rapist. the sentence in count five (5) was ordered to be served concurrent with count four (4) and consecutive to counts one (1), two (2), and three (3). The petitioner was sentenced to a total effective sentence of fifty (50) years.

The petitioner cites the following language from the transcript as the basis of his complaint:

> It's the judgment of the Court that Counts One and Two will run concurrent, one with the other. They will run consecutive to Count Three. They will run consecutive to Counts Three and Four, which will run concurrent one with the other. . . . It's the intention of this Court to sentence the defendant to the Department of Corrections for a period of fifty years.

The petitioner argues that because the trial court failed to state how the sentence in count five (5) would run and because the stated intent of the trial court conflicts with the judgment forms, the judgment is void.

We acknowledge that the transcript of the sentencing hearing conflicts with the judgment forms entered by the trial court. Ordinarily, when there is a conflict between the judgment form and the transcript, the transcript controls. See State v. Moore, 814 S.W.3d 381, 383 (Tenn. Crim. App. 1991). However, after examining the transcript and the judgment forms, it appears that the trial court merely misstated the petitioner's sentence at the sentencing hearing. The trial court ordered the sentences in counts one (1) and two (2) to run consecutive to the sentences in counts three (3) and four (4) when the trial court intended to sentence the petitioner to a total sentence of fifty (50) years. In order to sentence the petitioner to fifty (50) years, the sentences in counts one (1) and two (2) must be served consecutively to the sentences in counts four (4) and five (5), rather than three (3) and four

(4). As stated above, a habeas petitioner can only attack a judgment that is void on its face and not one that is merely voidable. Ritchie, 20 S.W.3d at 630. "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. Thus, we determine that even if there were a definitive conflict between the sentences as stated on the judgments and the language of the transcript, such a conflict would merely render the judgments voidable, and ineligible for habeas corpus relief. This issue is without merit.[2]

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[2]The State also argues in a separate issue that "the [petitioner's] claim that his sentences as a Range II multiple offender were based on invalid judgments of prior convictions render his sentences 'voidable' at best." The petitioner presented this argument in his original petition, but appears to have abandoned this argument on appeal. As a result, we choose not to address the issue.