# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## EUGENE J. KOVALSKY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Morgan County**
**No. 9077    E. Eugene Eblen, Judge**

**No. E2005-00491-CCA-R3-HC Filed August 15, 2005**

The petitioner, Eugene J. Kovalsky, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Rex A. Dale, Loudon, Tennessee, for the Appellant, Eugene J. Kovalsky.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Kathy D. Aslinger, Assistant Attorneys General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In June 2000, the petitioner was indicted by a Hawkins County Grand Jury for first degree premeditated murder. On February 13, 2001, the petitioner pleaded guilty to voluntary manslaughter. Pursuant to his plea agreement, the petitioner was sentenced to 15 years as a Range III, persistent offender.  The petitioner sought post-conviction relief in October 2001, alleging ineffective assistance of counsel and an unknowing, involuntary guilty plea. Following an evidentiary hearing, the trial court denied relief.  This court affirmed the judgment on appeal.  See Eugene Joseph Kovalsky v. State, No. E2002-00441-CCA-R3-PC (Tenn. Crim. App. Mar. 31, 2003).

On June 6, 2004, the petitioner filed a petition for writ of habeas corpus.  He asserted that, irrespective of his plea agreement, the trial court was without authority to sentence him as a persistent offender in view of his lack of a prior criminal history and the state's failure to file notice of intent to seek an enhanced punishment.  Following the appointment of counsel and a hearing on

the matter, the trial court dismissed the petition finding that it failed to establish a cognizable claim for habeas corpus relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. T.C.A. § 29-21-109.

First, the petitioner submits that the trial court was without jurisdiction to accept his plea agreement because he possesses no prior felony convictions to justify his sentence as a persistent offender. As the petitioner acknowledges, however, the Tennessee Supreme Court has rejected similar sentencing challenges, holding that offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997)); State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). The petitioner's remaining claim of a void judgment based on the states's failure to provide notice of its intent to seek an enhanced sentence is not a cognizable claim for habeas corpus relief. In summary, the trial court properly dismissed the petition for writ of habeas corpus.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE