# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## BONZIE LAVENDER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 251311    Don R. Ash, Judge**

---

**No. E2005-00693-CCA-R3-HC - Filed August 15, 2005**

---

The petitioner, Bonzie Lavender, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Bonzie Lavender, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In September 1983, the petitioner was convicted pursuant to guilty pleas for aggravated rape and felonious assault with intent to commit first degree murder causing bodily injury. Upon these convictions, he was sentenced to concurrent terms of 40 years and 32 years, respectively, in the Department of Correction. On September 18, 2004, the petitioner filed a petition for writ of habeas corpus based on his claim of an illegal sentence. Specifically, the petitioner argued that he was improperly sentenced under the applicable sentencing act as a Range I offender when he should have been sentenced as a Range II offender because his convictions were for "especially aggravated" offenses. He further claimed that his guilty pleas were involuntary and unknowing. The trial court dismissed the petition finding that it failed to establish a cognizable claim for habeas corpus relief.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857

(Tenn. Crim. App. 1998); T.C.A. § 29-21-101.  The burden is on the petitioner to establish that the judgment is void or that the sentence has expired.  State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).  If the petitioner carries this burden, he is entitled to immediate release.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void.  Tenn. Code Ann. § 29-21-109.

As the trial court correctly observed, the Tennessee Supreme Court has held that offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989."  Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997));  State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). In Hicks, the court reiterated that under both the 1989 and 1982 sentencing acts, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Hicks v. State, 945 S.W.2d at 709.  Thus, the defendant could properly agree to be sentenced outside his sentencing range provided that the sentences imposed fell within the statutory limits applicable to the conviction offenses.  In the present case, the petitioner's sentences as a Range I offender fell within the statutory sentencing limits for his convictions for assault with intent to commit murder with bodily injury and aggravated rape.  See Tenn. Code Ann. §§ 39-2-103(b)(repealed 1989); 39-2-603(b)(repealed 1989).  See also Tenn. Code Ann. § 40-35-109(a)(repealed 1989)(providing for calculation of a Range I sentence).  The trial court also properly found that the petitioner's claim of a void judgment based on an involuntary guilty plea is not properly cognizable in a habeas corpus petition because, if proven, the claim would render the judgment merely voidable and not void.  In summary, the trial court properly denied habeas corpus relief.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

                          _____
                          GARY R. WADE, PRESIDING JUDGE