# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## MICHAEL W. SMITH v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 28160    Chris Craft, Judge

---

### No. W2004-00689-CCA-R3-HC  - Filed August 16, 2005

---

The Appellant, Michael W. Smith, proceeding *pro se*, appeals the Shelby County Criminal Court's summary dismissal of his petition for writ of habeas corpus.  Smith was convicted of rape in Shelby County and received an eight-year Department of Correction sentence, to be served consecutively to a three-year Department of Correction sentence in a separate case.  On appeal, Smith argues that the trial court erred in dismissing the petition because his eight-year sentence has expired.  After review, we affirm the trial court's dismissal of the petition on grounds that Smith has failed to establish that his sentence has expired.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Michael Smith, *Pro Se*, Whiteville, Tennessee.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

According to the latest documents filed in this case, the Appellant is currently an inmate at the Whiteville Correctional Facility in Hardeman County.  On April 29, 2003, the Appellant pled guilty, in Shelby County Criminal Court case number 96-08877, to one count of rape, which occurred on July 6, 1995.  The judgment form reflects that the Appellant received an eight-year sentence, as a violent offender, in the Department of Correction.  It further provides that the Appellant was given jail credit for days served from August 10, 1995 - November 13, 1995 and from

September 7, 2001 - April 29, 2003, a total of 696 days. The form also indicates that the sentence was to be served consecutively to the sentence in case number 96-08880.

On February 19, 2004, the Appellant filed a *pro se* petition for writ of habeas corpus, alleging that the eight-year sentence imposed on April 29, 2003, had expired based upon his service of 85% of the sentence and his earned credits of 15 % allowed under Tennessee Code Annotated section 40-35-501(i). On appeal, the Appellant asserts that his sentence has expired because the Department of Correction has miscalculated his sentence credits. The trial court issued an order summarily dismissing the petition on February 23, 2004, finding that the sentence has not expired. This appeal followed.

**Analysis**

On appeal, the Appellant argues that the trial court erred in denying his petition for writ of habeas corpus because he was illegally detained beyond the expiration of his eight-year sentence, which he asserts should have expired in September 2003 based upon days served and credits earned. The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964).

At the outset, we observe that the Appellant's petition is woefully inadequate with regard to the statutory form and necessary facts which must be asserted in seeking habeas corpus relief. In this case, the Appellant: (1) fails to name the restraining authority and place of confinement; (2) fails to state whether the legality of the restraint has or has not been previously adjudicated; and (3) fails to state whether or not previous applications have been made. *See* Tenn. Code Ann. § 29-21-107(b)(1), (3), (4) (2003). In addition, the petition is not verified by affidavit, as required by Tennessee Code Annotated section 29-21-107(a). Moreover, a petition for the writ of habeas corpus must state "[t]he cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." *Id*. at (b)(2). Thus, if a petitioner is contending that his judgment of conviction is void on its face, he must either attach a copy of the judgment of conviction to his petition or provide a reason for his failure to do so. In this case, the Appellant failed to attach copies of any judgments of conviction and further failed to give a satisfactory reason for the noncompliance.[1] Last, the Appellant has filed his petition in the wrong court. Under Tennessee Code Annotated section 29-21-

---

[1] Of critical importance in this case, the Appellant's petition fails to mention that, in addition to the rape conviction, the Appellant is under the legal restraint of No. 96-08880 from Shelby County, that being a three-year Department of Correction sentence, which is running consecutively to the eight-year sentence.

105, a petition for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2003). The mere fact that witnesses or files may be located in another county is an insufficient reason to permit deviation from the statutory requirements. *Wilson v. State*, No. 03C01-9806-CR-00206 (Tenn. Crim. App., at Knoxville, June 24, 1999). The Appellant's petition indicates he is an inmate at Northwest Correctional Facility in Lake County; however, his brief indicates he is an inmate at Whiteville Correctional Facility in Hardeman County. Regardless of which of the two facilities he is currently incarcerated in, Shelby County was not the correct venue.[2] Our supreme court has recently confirmed that the procedural requirements are mandatory and must be followed scrupulously. *Hickman v. State,* 153 S.W.3d 16, 21 (Tenn. 2004). A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. *Id*. n.3.

The trial court chose to consider the petition on the merits despite the procedural defaults concluding:

> petitioner entered a guilty plea on April 29, 2003, to Rape, eight years as a 100% violent offender, consecutive to a three year sentence in indictment 96-08880 as a Range I Standard Offender. He has jail credit from 8/10/95 to 11/13/95, 2/13/96 to 2/16/96, and from 3/13/97 until present, less than 8 years. He complains that even though he has "served the required 85% of the sentence and earned the 15% credit reduction allowable pursuant to T.C.A. § 40-35-501(i)," he has not been released. Clearly his sentence has not expired.
>
> . . . This petitioner's convictions appear to be proper from the technical record, and have not expired. A challenge to the propriety of a release eligibility date or questions about parole or sentence credits have no bearing upon the validity of the convictions, and so cannot be treated as a Petition for Writ of Habeas Corpus. Questions such as this, because the Department of Correction is an agency of the state government, should be addressed through the Administrative Procedures Act.

Our review of the trial court's findings is hindered by the fact that the Appellant has failed to provide a complete record for review, namely copies of all of his judgments of conviction constituting legal restraint. This burden is upon the Appellant. *Kuntz*, 381 S.W.2d at 291-92. In denying the petition, the trial court found that it was apparent from the face of the judgments of conviction that the Appellant's consecutive sentences of eight years and three years had not expired. Because the Appellant has failed to make any reference to the three-year sentence in his petition, we must presume, in the absence of evidence to the contrary, that the trial court's finding that the

---

[2]One peril of choosing to hear a case presented in the wrong venue is evidenced by the fact in this case that the records of this court reflect that the Appellant appealed an escape conviction in Hardeman County resulting in a forty-month sentence, which could implicate the issue of his illegal restraint in this case. *Michael W. Smith. v. James Dukes, Warden*, No. W2001-01535-CCA-R3-PC (Tenn. Crim. App. at Jackson, Feb. 1, 2002).

Appellant was serving an effective eleven-year sentence of incarceration is correct and that this sentence has not expired. Accordingly, habeas corpus relief is not available.[3]

## CONCLUSION

Based upon the foregoing, the Shelby County Criminal Court's dismissal of the Appellant's habeas corpus petition is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[3]In the Appellant's *pro se* reply brief, he asserts that during this appeal, the Department of Correction has made adjustments in his sentence for the earned credits he contends he is entitled to, with the exception of six days. As the trial court correctly found, the Appellant's proper avenue for relief with regard to the six days in dispute is through the Administrative Procedures Act. *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997).