IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

## PHILLIP McCORMICK v. STATE OF TENNESSEE

**Appeal from the Knox County Criminal Court**
**No. 93445   Bobby R. McGee, Judge**

**No. E2010-00987-CCA-MR3-HC - Filed April 5, 2011**

The Petitioner, Phillip McCormick, appeals pro se the Knox County Criminal Court's summary dismissal of his petition for habeas corpus relief from the remainder of his forty-year sentence for a 1984 conviction. The Petitioner contends that (1) the trial court erred by finding that the State did not relinquish jurisdiction when it surrendered him to federal authorities to serve concurrent federal and state sentences for felonies he committed while on parole, (2) the State violated his due process rights by failing to hold a parole revocation hearing before transferring him, and (3) the trial court erred by dismissing his petition without appointing counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Phillip McCormick, Coleman, Florida, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was sentenced by a Tennessee state court in 1984 to forty years in prison. In his brief, the Petitioner states that the underlying offense was bank robbery, but the record does not contain the 1984 judgment. The Petitioner was released on parole in 1998. On August 5, 1998, he was convicted of bank robbery in the United States District Court, Eastern District of Tennessee, for an offense that occurred on January 23, 1998. The federal court sentenced him to 172 months' incarceration. On August 19, 1998, he was served with a state parole violation warrant for violation of his parole from the 1984 state

sentence. Also on August 19, 1998, he pled guilty in the Knox County Criminal Court to aggravated robbery, a Class B felony, for an offense that occurred on January 21, 1998. He was sentenced as a Range II, multiple offender to fourteen years' incarceration, to be served concurrently with the federal sentence and consecutively to the parole violation. The Petitioner was remanded to the custody of the United States Marshals and incarcerated in a federal facility.

The Petitioner filed a "Motion to Quash and/or Purge Warrant for Parole Violation and/or Writ of Habeas Corpus" on January 5, 2010. In dismissing the motion, the trial court stated:

> The defendant is currently serving a Federal sentence for bank robbery. The Parole Board currently has an active warrant for the defendant due to the fact that he absconded while on parole and committed the above mentioned bank robbery. Due to the fact that he absconded and committed an offense, he is not eligible to serve his state sentence concurrently with the federal sentence, it must be served consecutively. Therefore, after a thorough search of all records, the Court is of the opinion that the defendant's Motion should be DISMISSED.

The Petitioner filed a motion to reconsider with the trial court on May 6, 2010, in which he requested, among other forms of relief, that the trial court judge recuse himself because the judge previously represented the Petitioner. On the same date, the Petitioner filed a motion to enlarge the time for filing a notice of appeal with this court and provided attachments showing that he had not received the trial court's March 11, 2010 order until April 28, 2010. On May 25, 2010, this court granted the Petitioner's motion and waived the requirement for a notice of appeal. In the meantime, the trial court entered an order on May 12, 2010, recusing the trial court judge and reassigning the case to another criminal court division. The Petitioner then filed a motion to stay his appeal with this court. This court denied the motion on June 16, 2010, on the ground that a motion to reconsider was not a pleading that could affect the tolling of a notice of appeal or maintain jurisdiction in the trial court. See T.R.A.P. 4(c). This court has jurisdiction in the case. See id. at 4(a).

On appeal, the Petitioner contends that the trial court erred by finding that the State did not relinquish jurisdiction when it surrendered him to federal authorities to serve concurrent federal and state sentences for felonies the Petitioner committed while on parole. The State contends that the Petitioner has filed an insufficient record for habeas corpus review and that his claim is not cognizable for habeas corpus relief. We agree that the Petitioner's claim is not cognizable for habeas corpus relief.

2

The determination of whether habeas corpus relief should be granted is a question of law, which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief will be granted when the petitioner can show that a judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that his sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Byrd v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The Petitioner's challenge is to the validity of the 1998 judgment, which he included in the record. That judgment orders him to serve concurrent state and federal sentences consecutively to his parole violation. The restraint on the Petitioner's liberty at issue is the resumption of his forty-year sentence as a result of his parole violation. He argues that the State was statutorily required to have him complete his original forty-year sentence before remanding him to federal custody to serve his concurrent federal and state sentences. The statute on which the Petitioner relies states in pertinent part:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the reminder of the sentence under which the prisoner was paroled, or part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole. If any prisoner while on parole from a state prison, jail or workhouse commits a crime under the laws of another state government or country which, if committed within this state, would be a felony, and is convicted of the crime, the director of probation and parole shall arrange for the return of the prisoner through the terms of the interstate compact. The board shall require that the prisoner serve the portion remaining of the maximum term of sentence or part of that sentence as the board may determine.

T.C.A. § 40-28-123(a) (2010).

The Petitioner's claim can be narrowed to whether the trial court's judgment, which correctly ordered consecutive sentences, is void because it did not specify the chronological order of those sentences. The claim is not cognizable in a habeas corpus action because the

manner of service of a sentence after parole revocation is to be determined by the Board of Probation and Parole ("Board"). See id.; State v. Venable, 606 S.W.2d 298, 302 (Tenn. Crim. App. 1980) (concluding that the trial court's error in language on the judgment was inadvertent and "not an attempt to usurp the parole board's authority to determine how much of the defendant's prior sentence should be served before commencement of the instant sentence"); Calvin Wilhite v. Tenn. Bd. of Parole, No. M2010-00857-COA-R3-CV, Davidson County, slip op. at 6 (Tenn. Ct. App. Jan. 10, 2011) (holding that the "authority and discretion" to decide whether the petitioner would serve his parole violation sentence after he served concurrent state and federal sentences for felonies committed while on parole lay "solely with the Board"). We conclude that the Petitioner has not alleged any facial error in the trial court's 1998 judgment that would render the judgment void. As to the discretionary action of the Board, this court does not have jurisdiction to review such an action. See Long v. Tenn. Bd. of Prob. & Parole, 143 S.W.3d 787, 793 (Tenn. Crim. App. 2004) ("Exclusive jurisdiction for judicial review of an action of the Board of Probation and Parole lies with the Chancery Court of Davidson County through a writ of certiorari.").

The Petitioner also contends that the State violated his right to due process when it transferred him from state to federal custody without first holding a parole revocation hearing. The constitutional claim of a right to due process is not cognizable in a habeas corpus proceeding. See Summers, 212 S.W.3d at 261 (contrasting post-conviction proceedings, which "may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights," to habeas corpus procedures, which are for the narrow purpose of challenging a void judgment). We note also that setting the date of a revocation hearing is another discretionary action of the Board and is outside the jurisdiction of this court. See T.C.A. § 40-28-122(d) (2006); Long, 143 S.W.3d at 793. The Petitioner is not entitled to relief.

Finally, the Petitioner contends that the trial court erred by dismissing his petition without appointing counsel. Appointment of counsel for an indigent petitioner is only necessary when the petition alleges facts that would justify relief. Hickman, 153 S.W.3d at 20. Because the Petitioner's claims are not cognizable in a habeas corpus proceeding, we conclude that the trial court did not err by summarily dismissing the petition without appointing counsel.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE

4