IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2012

## MIQWON DEON LEACH v. DWIGHT BARBEE, WARDEN

Appeal from the Circuit Court for Lauderdale County
No. 6553     Joe H. Walker, III, Judge

No. W2012-00652-CCA-R3-HC  - Filed September 11, 2012

Petitioner, Miqwon Deon Leach, appeals the summary dismissal of his petition for a writ of habeas corpus.  He challenges his 2001 conviction for felony murder, for which a jury sentenced him to life imprisonment without the possibility of parole.  He also challenges his conviction for conspiracy to commit second degree murder that arose from the same case. As grounds for habeas corpus relief, petitioner argues that: (1) conspiracy to commit second degree murder is not a cognizable offense under Tennessee law, rendering his conviction void; and (2) the evidence at trial did not establish his intent to commit felony murder.  The habeas corpus court summarily dismissed the petition, and we affirm the judgment of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Miqwon Deon Leach, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel, for the appellees, Dwight Barbee, Warden, and the State of Tennessee.

**OPINION**

I.  Facts

A.  Facts from Trial

An Obion County jury convicted petitioner and two co-defendants of first degree felony murder, second degree murder, and conspiracy to commit second degree murder.

*State v. Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangalo Thomas*, No. W2001-02046-CCA-R3-CD, 2003 WL 261941, at *1 (Tenn. Crim. App. Feb. 7, 2003), *perm. app. denied* (Tenn. Sept. 2, 2003).  The trial court merged the murder convictions and sentenced petitioner to an effective sentence of life imprisonment without the possibility of parole.  Affirming petitioner's convictions and sentence on direct appeal, this court found the following facts from trial:

> On New Year's Day 1999, the victim, Zachary Demond Achols, was shot and killed as he was standing with a group of men outside the VIP Social Club at 1212 East Main Street in Union City.  Jeff Young, one of the men with whom the victim was standing, was wearing red clothing. According to eyewitnesses, a second group of men, including defendant Gaston, approached the first group and, upon Gaston's direction to shoot the one in red, opened fire, striking and killing the victim.  The defendants were subsequently charged with conspiracy to commit first degree murder, first degree felony murder, and first degree premeditated murder.  Although the State originally filed notices of its intention to seek the death penalty against the defendants, it subsequently withdrew those notices, substituting notices of its intention to seek life sentences without the possibility of parole. The three defendants in this appeal and a fourth codefendant, Justin Hill, who was charged with the same offenses, were tried jointly before an Obion County Circuit Court jury from March 12-17, 2001.

*Clarence Carnell Gaston, Miqwon Deon Leach, and Mario Deangalo Thomas*, 2003 WL 261941, at *1.

## B.  Prior Petition for a Writ of Habeas Corpus

Petitioner subsequently filed a petition for habeas corpus relief in the Lauderdale Circuit Court.  *Miqwon Leach v. State*, No. W2004-02336-CCA-R3-HC, 2005 WL 1249032 (Tenn. Crim. App. May 25, 2005), *perm. app. denied* (Tenn. Dec. 5, 2005).  He alleged that his convictions were void "because (1) the trial court lacked jurisdiction to read the jury charges submitted during the trial, (2) the trial court gave erroneous and unclear law in the jury charge prejudicing the petitioner, and (3) the trial court lacked jurisdiction to sentence petitioner to life imprisonment for second degree murder."  *Id.*  The habeas corpus court denied relief and on appeal, we affirmed the court's judgment.  *Id.* at *2.

## C. Petition for Post-Conviction Relief

Petitioner also filed a petition for post-conviction relief attacking his convictions and sentence in which he alleged the following deficiencies in the trial court proceedings: (1) he was denied his constitutional right to testify; (2) his rights under the Interstate Compact on Detainers were violated; and (3) his trial counsel rendered ineffective assistance. *Miqwon Deon Leach v. State*, No. W2004-01702-CCA-R3-PC, 2005 WL 1651654, at *1 (Tenn. Crim. App. July 14, 2005), *perm. app. denied* (Tenn. Dec. 5, 2005). This court affirmed the post-conviction court's denial of relief. *Id.* at *10.

## D. Instant Petition for a Writ of Habeas Corpus

Petitioner filed the instant petition for a writ of habeas corpus on March 1, 2012, alleging two grounds for relief: (1) that conspiracy to commit second degree murder is a nonexistent offense, thus the trial court lacked jurisdiction to sentence him thereon; and (2) that he was sentenced in contravention of our supreme court's holding in *State v. Buggs*.[1] The habeas corpus court summarily dismissed the petition, finding that petitioner's sentence had not expired, was not unlawful, and was entered by a court of competent jurisdiction. This appeal follows.

## II. Analysis

## A. Standard of Review

The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Id.* "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).

---

[1] 995 S.W.2d 102 (Tenn. 1999).

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

B. Petitioner's Claims

1. Failure to Comply with Mandates of Statute

For a petition for a writ of habeas corpus to issue, Tennessee Code Annotated section 29-21-107 requires compliance with the following:

(a)     Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b)     The petition shall state:

(1)     That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2)     The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3)     That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4)     *That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.*

(emphasis added). A habeas corpus petition may be denied for failure to strictly comply with the requirements of statute. *Hickman v. State*, 153 S.W.3d 15, 21 (Tenn. 2004).

Petitioner acknowledges that the instant petition is not his first petition for a writ of habeas corpus. In the instant petition, he qualified said admission by adding that this is the first petition advancing the particular arguments contained herein. Nonetheless, petitioner has specifically failed to comply with subsection (4) of the statute by neglecting to append a copy of his first petition for habeas corpus relief "and the proceedings thereon" or to provide a satisfactory reason for failing to do so. Tenn. Code Ann. § 29-21-107(a)(4) (2000). Petitioner shoulders the burden of meeting the statutory requirements and establishing that the judgment is void or the sentence has expired. *Michael Lee McKinney v. State*, No. E2011-00681-CCA-R3HC, 2011 WL 5560572, at *3 (Tenn. Crim. App. Nov. 14, 2011) (citing *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964)). "These reasons alone provide adequate justification for summary dismissal of the petition." *Id.* Due to the procedural defects, the habeas corpus court properly dismissed the petition. However, to ensure judicial economy, we will conduct a merits review of petitioner's claims.

## 2. Claim That Conspiracy to Commit Second Degree Murder is Not a Cognizable Offense

Petitioner first claims that conspiracy to commit second degree murder is not a cognizable offense under the Tennessee Code. He contends that the trial court lacked jurisdiction to sentence him on the conspiracy charge "as an underlying felony to murder." For those reasons, petitioner asserts that his sentence is illegal and the judgment is void.

Tennessee jurisprudence is replete with references to cases in which our courts have affirmed judgments of conspiracy to commit second degree murder. *See Shelly Breeden v. State*, No. E1999-02220-CCA-R3-PC, 2001 WL 5046 (Tenn. Crim. App. Jan. 2, 2001); *State v. Yasmond Fenderson*, No. 03C01-9711-CR-00496, 1999 WL 2840 (Tenn. Crim. App. Jan. 6, 1999); *State v. Larry Watkins*, No. 01C01-9710-CR-00449, 1998 WL 511891 (Tenn. Crim. App. Aug. 20, 1998); *see, e.g., State v. Elizabeth Maria Ortiz*, No. 01C01-9607-CC-00284, 1998 WL 155585, (Tenn. Crim. App. Mar. 31, 1998) (noting that conspiracy to commit second degree murder is a lesser included offense of conspiracy to commit first degree murder). Thus, petitioner's argument that conspiracy to commit second degree murder is not a cognizable offense under the Tennessee Code is meritless.

3. Claim That Petitioner Lacked Intent to Commit Felony Murder and
Unavailability of Second Degree Murder as Predicate Felony for Felony Murder

Petitioner's next claim of error is a two-pronged claim. First, citing *State v. Buggs*, 995 S.W.2d 102 (Tenn. 1999), he argues that the evidence at trial failed to demonstrate that he possessed the requisite intent to commit felony murder. As a corollary, he argues that second degree murder is not a proper predicate felony underlying the offense of felony murder.

Petitioner's assertion that he lacked the requisite intent to commit felony murder is an attack on the sufficiency of the convicting evidence. Sufficiency of the evidence is not a proper basis for habeas corpus relief. *Jackie F. Curry v. State*, No. E2007-02526-CCA-R3-HC, 2008 WL 3066823, at *5 (Tenn. Crim. App. Aug. 4, 2008) (citing *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973)). Moreover, this court reviewed petitioner's case on direct appeal and found that the evidence was sufficient to sustain the convictions. *See Miqwon Deon Leach*, 2005 WL 1249032, at *11. Petitioner's claim is meritless.

Petitioner's assertion that second degree murder is not a predicate felony underlying the offense of felony murder would render his conviction voidable, not void. Petitioner has failed to include copies of the indictments in this case. From the record of the habeas proceedings, this court is unable to ascertain the predicate felony with which he was charged in the felony murder indictment. Petitioner is not entitled to relief on this issue.

## CONCLUSION

Based on the parties' briefs and our review of the record, we affirm the judgment of the habeas corpus court summarily dismissing the petition for relief.

_____
ROGER A. PAGE, JUDGE

-6-